UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:26-cv-00919-SSS-KS | Date | April 22, 2026 |
|---|---|---|---|
| Title | *Milad Mehri Allahyari v. D. Marin et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR A TRO [DKT. NO. 19]**

On March 5, 2026, Petitioner Milad Mehri Allahyari, a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, and who is proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ["Petition," Dkt. No. 8]. Petitioner also filed a Motion for Preliminary Injunction ["PI Motion," Dkt. No. 1] and a Motion for Appointment of Counsel ["Appointment Motion," Dkt. No. 2]. On March 19, 2026, the Court denied both motions. [Dkt. No. 15]. With respect to the PI Motion, the Court found Petitioner was within the mandatory 90-day detention period. [*See id*.]; 8 U.S.C. § 1231(a)(2); *see also Zadvydas v. Davis*, 533 U.S. 678, 698 (2001) (discussing that the statute "mandates" detention during the 90-day removal period).

Petitioner now contends he is past the 90-day period and requests this Court to grant an ex parte application for a temporary restraining order wherein Petitioner seeks release from custody. ["TRO Application," Dkt. No. 19]. After considering the papers filed in support of the TRO, the Court **DENIES** the TRO.

For the Court to grant a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of his underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance

of equities tips in his favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

Petitioner fails to meet the bar for granting a TRO.  Petitioner entered the United States from Iran with a tourist visa in June 2013.  [Petition at 3].  On July 9, 2018, Petitioner became a lawful permanent resident.  [*Id*.].  On January 29, 2021, Petitioner was convicted of felony possession of a controlled substance.  [*Id*.].  As a result of the conviction, Petitioner was placed in removal proceedings on January 16, 2026, and was ordered removed to Iran.  [*Id*.].  At that time, Petitioner was detained and remained in immigration custody.  [*Id*.].

Petitioner's order of removal became administratively final on February 17, 2026, when the time for filing an appeal passed.  *See* 8 C.F.R. § 1241.1(c) (order of removal becomes final upon expiration of time allotted for appeal if no timely appeal is filed).  Petitioner also attested to not appealing his removal order.  [Petition at 4].  Because there is a final order of removal in place, Petitioner's detention is pursuant to § 1231(a).  Section 1231(a) requires that the Attorney General physically remove an individual ordered removed within 90 days of the order.  8 U.S.C. § 1231(a)(1).  The statute further requires that the individual remain detained during that 90-day removal period.  8 U.S.C. § 1231(a)(2); *see also Zadvydas*, 533 U.S. at 698.  Therefore, based on the removal order becoming final on February 17, 2026, the 90-day mandatory § 1231(a)(2) detention period expires on May 18, 2026.

Given that Petitioner is still within that 90-day period, meaning he must be detained regardless of whether there is any merit to his argument for release.  For this reason, the Court finds Petitioner is not likely to succeed on the merits of his claims, and therefore, the issuance of emergency injunctive relief is not warranted. *See Winter*, 555 U.S. at 20.

**IT IS SO ORDERED.**